In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-00-00113-CR


______________________________




JAMES HERBERT LEBLANC, III, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law No. 2


Jefferson County, Texas


Trial Court No. 205,756




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 James Herbert LeBlanc, III was tried for criminal trespass in the County Court at Law
Number 2, Jefferson County, on February 25, 2000. The-six member jury found him guilty. 
Punishment was assessed by the trial court at ninety days in the county jail and a fine of $200. 
LeBlanc filed his pro se Notice of Appeal and brief, requesting reversal of the trial court's decision
based on allegations of false arrest, false imprisonment, and jury tampering. Because these issues
were not presented to the court below, and because they cannot be properly raised for the first time
on direct appeal, we overrule all of LeBlanc's points of error.

 This case arises out of repeated reports of disturbances at the Beaumont Coca-Cola plant
where LeBlanc had been employed. LeBlanc was placed on short-term disability leave in
January 1998 to seek treatment for depression, schizophrenia, and other nonspecific medical
problems. Though warned not to enter Coca-Cola property while on leave, he continued to return
to plant property, and on at least one occasion threatened a manager. Coca-Cola eventually hired
extra security to help deal with him. On April 9, 1998, LeBlanc went to Coca-Cola to file work
release papers from some of his doctors. Beaumont police issued an oral trespass warning to
LeBlanc for unauthorized presence on Coca-Cola property. LeBlanc testified he was only told to
leave the premises and not return unannounced. Two police officers were present with LeBlanc
when the warning was written. One of the officers testified LeBlanc was told the meaning and effect
of the warning. LeBlanc was further informed criminal charges would be filed against him if he
entered Coca-Cola property again. The officer testified LeBlanc seemed to understand the
conversation. A written copy of the warning was given to Coca-Cola, but not to LeBlanc. (1) LeBlanc
received adequate warning under the law. Oral communication by someone with apparent authority
to act on behalf of the property owner constitutes sufficient notice. Tex. Pen. Code Ann.
§ 30.05(b)(2)(A) (Vernon Supp. 2002).

 LeBlanc received medical clearance to return to work on May 3, 1998. On May 4 when he
attempted to return to work, LeBlanc was arrested on the Coca-Cola premises and charged with
criminal trespass. LeBlanc's employment with Coca-Cola was not terminated until May 6, 1998, two
days after he was arrested. The termination letter explained that LeBlanc was not to come back onto
the Coca-Cola premises.

 LeBlanc was charged by information with misdemeanor criminal trespass. On February 23,
2000, after a one-day trial, a jury found him guilty. The court assessed punishment at ninety days
in the Jefferson County jail, plus a $200 fine. LeBlanc timely filed his pro se Notice of Appeal. 
Although no motion to withdraw was filed by trial counsel, the trial court appointed appellate
counsel in the interest of justice on September 7, 2000. Urging that LeBlanc had failed to cooperate
in any way with the attempt to represent him on appeal, counsel filed a Motion to Withdraw. This
motion was granted on May 25, 2001. The trial court found LeBlanc was not indigent and ruled he
could continue the appeal on his own if he wished. LeBlanc continued his appeal pro se.

 LeBlanc now complains that he was falsely arrested and falsely imprisoned and that he was
deprived of a fair trial due to jury tampering. LeBlanc's pro se brief presents unsupported allegations
of misconduct on the part of the police, the trial court, and his own lawyer, as well as an account of
the events on which the trial was based from his perspective. LeBlanc's brief sets forth nothing in
the way of argument or authorities. There is no reference made to the evidence in the trial record.

 Because none of the issues now raised by LeBlanc were presented to the trial court, his points
of error have not been preserved for appellate review. The general requirement for preservation of
error is that the aggrieved party must first present his complaint to the trial court for a ruling. The
Rules of Appellate Procedure provide that

 (a) In General. As a prerequisite to presenting a complaint for appellate
review, the record must show that


 (1) the complaint was made to the trial court by a timely request,
objection, or motion that:


 (A) stated the grounds for the ruling that the complaining
party sought from the trial court with sufficient specificity to make
the trial court aware of the complaint, unless the specific grounds
were apparent from the context; and


 (B) complied with the requirements of the Texas Rules of
Civil or Criminal Evidence or the Texas Rules of Civil or Appellate
Procedure; and


 (2) the trial court:


 (A) ruled on the request, objection, or motion, either expressly
or implicitly; or


 (B) refused to rule on the request, objection, or motion, and
the complaining party objected to the refusal.


Tex. R. App. P. 33.1(a).

 We note further that consideration of LeBlanc's arguments would not be possible on the
record before the court. All of his points of error are predicated on evidence extrinsic to the record
of the proceedings below and are therefore not fully cognizable on this direct appeal. For this reason,
we decline to comment on the merits of his arguments. Rather, we simply note that on the record
before the court, LeBlanc has failed to meet his burden of showing error in the proceedings below.

 LeBlanc's points of error are overruled. The judgment of the trial court is hereby affirmed.




 Ben Z. Grant

 Justice


Date Submitted: October 11, 2001

Date Decided: February 6, 2002


Do Not Publish
1. According to the testimony, Beaumont Police Department procedure in use at the time
involved giving a oral warning to the trespasser, providing a written copy to the property owner, and
retaining a copy in the police files.



er, that he remembers the glove because it was the only latex glove with a missing
fingertip he received from Wood County that month. Ingram testified that, after he
retrieved the bag from Martin, he secured it in the evidence room under the supervision of
Joyce Box, the lieutenant over criminal investigations with the sheriff's department. Ingram
did not make any notations of this transfer on the bag or on the glove. Later, Ingram
sealed and stapled the bag immediately before it was transferred to the Southwest Institute
of Forensic Science (SWIFS) in Dallas. Steven Russell, an investigator with the sheriff's
department, and Box transported the glove to SWIFS. Box noted her initials on the bag. 
Jackie Harris, the evidence registrar at SWIFS, testified she received the glove in a sealed
container, initialed the container, and assigned it a case number and an item number. 
Melissa Sweetland, a biologist at SWIFS, testified she properly stored the glove in a
freezer, noted her possession, and took samples of DNA from the glove, following protocol. 

 Although the chain of custody documentation and care of the evidence could have
been better, we hold the trial court did not abuse its discretion in admitting this evidence. 
A reasonable person could conclude the glove presented at trial was the glove found at the
scene. Although Ingram and Martin failed to note their custody properly, these
imperfections went to the weight of the evidence rather than to its admissibility. See Ennis,
71 S.W.3d at 808 (proof of chain of custody goes to weight rather than admissibility of
evidence). The requirements of Lagrone were satisfied. See Lagrone, 942 S.W.2d at 617.
 The State defends admission of the glove fingertip on the same bases as it did the
glove: that the glove fingertip was of sufficient individuality to be identified without a chain
of custody and that the chain of custody for the glove fingertip was adequately established.

 Although the State argues the glove fingertip possesses sufficient unique
characteristics to be admitted without the requirement of proving a chain of custody, unlike
the glove, the glove fingertip was not marked with any notation. The State presented no
evidence of the glove fingertip's unique characteristics. We do not believe a reasonable
person could conclude on the evidence presented that the glove fingertip in question is any
different from any other latex glove fingertip. A chain of custody must be established when
an item has not been marked with distinctive markings or possesses distinctive
characteristics. Ballard, 23 S.W.3d at 183. We conclude, therefore, the State was
required to establish a chain of custody for the glove fingertip. 

 The State contends the chain of custody established at trial was adequate. We
agree. Box noted at the scene that a latex glove fingertip was caught in the zipper of Hass'
jeans. Shana DeFoy Robinson, a nurse who performed the rape examination at the
hospital, testified she seized the glove fingertip at the hospital and put it in a sealed
envelope. She noted her initials on red tape across the seal. She gave this evidence to
Colin Kovic, an investigator with the sheriff's department. Kovic initialed and dated the
envelope. Kovic testified he gave the glove fingertip to Martin, who tested it for fingerprints. 
Martin failed to document his custody of this evidence. Ingram picked up the glove
fingertip and transported it to SWIFS. Harris and Sweetland properly documented and
cared for the glove fingertip at SWIFS. Again, the requirements of Lagrone were satisfied. 
See Lagrone, 942 S.W.2d at 617. The testimony at trial established that the evidence was
seized, tagged, and the chain of custody established up to trial. The imperfection of Martin
failing to initial the envelope to document his custody goes to the weight of the evidence
at trial rather than its admissibility. See Ennis, 71 S.W.3d at 808. (1) 

 There is adequate support in the record for the admission of both the latex glove
and the latex glove fingertip. The latex glove was sufficiently unique to be introduced with
the testimony of just the seizing officer. The chain of custody of both the glove and the
glove fingertip were adequately established within the "zone of reasonable disagreement."
Any imperfections in proof of the chain of custody go to the weight of the evidence rather
than the admissibility. We conclude both the glove and the glove fingertip were properly
admitted within the discretion of the trial court.


 We affirm the judgment. 


 Donald R. Ross

 Justice


Date Submitted: March 19, 2003

Date Decided: June 3, 2003


Do Not Publish


1. Phillips concedes that improper admission into evidence of the glove fingertip was
not, by itself, harmful error. The fingertip contained only Hass' DNA and thus did not, by
itself, link Phillips to the sexual assault.